UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW HAMPSHIRE


The Prudential Insurance
Company of America

   v.                                    Case No. 14-cv-288-AJ
                                          Opinion No. 2014 DNH 263

Penny Santy, Solely as
Administratrix of the
Estate of Robert Santy;
and Debra Menard


**AMENDED ORDER**

The Prudential Insurance Company of America ("Prudential") brought this interpleader action to resolve competing claims to the benefits of two Prudential life insurance policies. The defendants are Penny Santy, who was married to the decedent, Robert Santy, at the time of his death, and Debra Menard, Robert's brother's ex-wife. Prudential has been dismissed from the case. Menard moves to dismiss the complaint. Santy objects.


**Background**

In 1988 and 1989, Prudential issued two life insurance policies to Robert Santy. Robert designated his brother, Richard Santy, as the primary beneficiary of the death benefits

payable under the policies.  Robert and Richard "were partners in a business, Santy Brothers Logging, and . . . the insurance was . . . purchased for business protection."  Compl. ¶ 8.  Robert designated Debra Menard, Richard's then-wife, as the contingent beneficiary of the policies.  Although Richard and Menard got divorced in 2002, Menard remained the contingent beneficiary of the policies.

    Robert died on December 9, 2013.  Following Robert's death, Prudential was notified that Richard had predeceased Robert.  Menard, as the contingent beneficiary, submitted a claim for the death benefits under the policies.  Penny Santy, Robert's widow, subsequently contacted Prudential contesting payment to Menard.  Prudential brought this interpleader action to determine which of the claimants is entitled to Robert's life insurance proceeds.[1]  The court granted Prudential's assented-to motion to deposit funds into a court registry and to be dismissed from the case.[2]

---

[1] Although not explicitly stated in Prudential's complaint, this interpleader action appears to be brought pursuant to Federal Rule of Civil Procedure 22 as opposed to 28 U.S.C. § 1335.  The complaint meets the requirements for a Rule 22 interpleader action.

[2] "[I]n an interpleader action in which the stakeholder does not

2

Menard moves to dismiss the complaint, arguing that Santy does not have a valid claim to the death benefits under the policies. Santy objects.

### Standard of Review

Federal Rule of Civil Procedure 12(b)(6) allows a defendant to move to dismiss on the ground that the plaintiff's complaint fails to state a claim on which relief can be granted. In assessing a complaint for purposes of a motion to dismiss, the court "separate[s] the factual allegations from the conclusory statements in order to analyze whether the former, if taken as true, set forth a plausible, not merely conceivable, case for relief." Juarez v. Select Portfolio Servicing, Inc., 708 F.3d 269, 276 (1st Cir. 2013) (internal quotation marks omitted).

### Discussion

Menard argues the case should be dismissed because there is

---

assert a claim to the stake, the stakeholder should be dismissed immediately following its deposit of the stake into the registry of the court. That dismissal should take place without awaiting an adjudication of the defendants' competing claims." Hudson Sav. Bank v. Austin, 479 F.3d 102, 107 (1st Cir. 2007) (internal citations omitted).

no dispute that she is entitled to the death benefits as the contingent beneficiary of the policies. She argues that she had an insurable interest at the time the policy was issued and, therefore, her claim to the death benefits is valid. She also argues that her claim to the benefits became incontestable after two years under RSA 408:10.

In response, Santy argues that Menard "has no insurable interest in the life of the policyholder, Robert Santy, and therefore no right to the policy proceeds." Santy Obj. (doc. no. 14) at ¶ 22. Santy contends that Menard relinquished any interest in Robert's life or the logging business when she and Richard divorced. She also argues that the court should impose a constructive trust in Santy's favor on the death benefits.

A.  Insurable Interest

The court notes at the outset that "New Hampshire embraces the majority rule that only the insurer can raise the object[ion] of want of insurable interest." Rice v. Wal-Mart Stores, Inc., No. Civ. 02-390-B, 2003 WL 22240349, at *1 (D.N.H. Sept. 30, 2003) (internal quotation marks and citations omitted). Thus, "[b]ecause [Santy is] clearly not [an] insurer[s], [she does] not have the ability to raise such a

4

challenge."  Id.

 Even if Santy could raise a challenge to Menard's insurable interest, that challenge would fail.[3]

> [T]he almost universal rule of law in this country is that if the insurable interest requirement is satisfied at the time the policy is issued, the proceeds of the policy must be paid upon the death of the life insured without regard to whether the beneficiary has an insurable interest at the time of death.

In re Al Zuni Trading, Inc., 947 F.2d 1403, 1405 (9th Cir. 1991) (internal citation omitted); see also W. Reserve Life Assur. Co. of Ohio v. Conreal LLC, 715 F. Supp. 2d 270, 276 (1st Cir. 2010); In re Caron, 305 B.R. 614, 617 (Bankr. D. Mass. 2004) (where an insurable interest existed "at the time the policy is issued . . . no change in [the] relation [of the beneficiary and the insured] will terminate [the beneficiary's] right to the fund derived from the policy").  The requirement of an insurable interest at the time the policy is issued is based on the idea

---

[3] Although the parties appear to agree on the issue, it is not clear that Menard's right to recover the death benefits is contingent on her having an insurable interest in Robert's life. See 4 Couch § 59:2 ("There is little, other than statutes, to limit the eligibility of beneficiaries of a life policy when the policy is obtained by the insured, since the general rule is that beneficiaries need not have an insurable interest of their own in such circumstances.").

that policies lacking an insurable interest at their inception are mere "wager policies" that are against public policy. Prudential Ins. Co. of Am. v. Corriveau, 86 N.H. 326, 168 A. 569, 569 (1933); see also W. Reserve Life Assur. Co. of Ohio v. ADM. 737 F.3d 135, 141 (1st Cir. 2013) ("By requiring owners of life insurance policies to have an interest of some sort in the insured life, courts could ensure that these contracts did not become mere wager policies.") (internal quotation marks and citations omitted); Mechanics' Nat. Bank v. Comins, 72 N.H. 12, 55 A. 191, 193 (1903).

Santy does not appear to argue that the insurable interest requirement necessarily requires that the beneficiary have an insurable interest at the time of the insured's death.  Rather, she contends that Menard has no insurable interest because she "waived" or "freely contracted away" any interest in Robert's life or the logging business by divorcing Richard.  Santy Obj. (doc. no. 14) at ¶ 22.  However, "'a divorce decree or stipulation which merely releases all claims of one party to the property of the other does not, in the insurance policy context, destroy the beneficiary status of the first party, because the beneficiary interest is not a vested property right.'"  UBS Fin.

6

Servs., Inc. v. Brescia, No. 13-cv-4-JNL, 2014 WL 580142, at *3 (D.N.H. Feb. 12, 2014) (quoting Dubois v. Smith, 135 N.H. 50, 59 (1991)). In other words, "a divorce decree must unambiguously evidence an intent to remove a beneficiary in order to alter an original designation under" a life insurance policy. Id. (quoting Est. of Tremaine ex rel. Tremaine v. Tremaine, 146 N.H. 674, 675 (2001)) (internal quotation mark omitted); see also 3 Couch 43:2 ("The fact that the divorce destroys the insurable interest does not prevent recovery on a policy that was previously valid.").

Here, Santy does not contend that the divorce decree itself specifically addresses Robert's life insurance policy, let alone Menard's status as the contingent beneficiary of the policies. Thus, her argument, that Menard's divorce decree terminated her right to collect under the policies, is without merit.[4]

---

[4] Santy appears to suggest that Menard cannot collect the death benefits for the additional reason that Richard's insurable interest in Robert's life "lapsed upon the dissolution of the business partnership and his decease in 2011." Santy Obj. (doc. no. 14) at 3. Even if Richard's insurable interest in 2011 were relevant, "the termination of the partnership prior to the death of the insured does not effect [sic] the validity or enforceability of the policy." Herman v. Provident Mut. Life Ins. Co. of Phil., 886 F.2d 529, 535 (2d Cir. 1989) (quoting Insurable Interest of Partner or Partnership in the Life of Partner, 70 A.L.R. 2d 577, 582 (1960) (internal quotation marks

B.  Constructive Trust

Santy also asks the court to impose a constructive trust on the death benefits. Parties seeking to show a constructive trust "take upon themselves a heavy burden . . . ." Salisbury v. Lowe, 140 N.H. 82, 83 (1995) (internal quotation marks and citation omitted). To support a claim for a constructive trust in this case, Santy must show that Menard "possessed the life insurance proceeds at issue, that she and [Robert] had a confidential relationship, and that she would be unjustly enriched were she allowed to retain the proceeds." In re Estate of Couture, 166 N.H. 101, 89 A.3d 541, 550 (2014).

Although Santy asserts that a constructive trust is warranted and that Menard would be unjustly enriched if she receives the insurance proceeds, she does not adequately explain how the facts of this case meet the requirements of a constructive trust. Menard does not explain or even address the issue of whether a confidential relationship existed between Robert and Menard or how Menard is _unjustly_ enriched. She argues simply that "equity requires the imposition of a

---

omitted)); see also Life Ins. Clearing Co. v. O'Neill, 106 F. 800, 805 (3d Cir. 1901); First Metlife Investors Ins. Co. v. Zilkha, No. 08 CV 10113(HB), 2009 WL 2999607, at *5-*6 (S.D.N.Y. Sept. 21, 2009).

constructive trust."  Santy Obj. (doc. no. 14) at ¶ 24.

The First Circuit has "emphasized that judges are not obligated to do a party's work for him, 'searching sua sponte for issues that may be lurking in the penumbra of the motion papers.'"  Coons v. Industrial Knife Co., Inc., 620 F.3d 38, 44 (1st Cir. 2010) (quoting United States v. Slade, 980 F.2d 27, 31 (1st Cir. 1992)).  That is particularly true where the argument defies an easy answer.  Id.  Mere "passing allusions" to an argument are insufficient to address meaningfully a disputed issue.  See United States v. Zannino, 895 F.2d 1, 17 (1st Cir. 1990) ("Judges are not expected to be mindreaders. Consequently, a litigant has an obligation to spell out its arguments squarely and distinctly . . . .") (internal citations and quotation marks omitted), cert. denied, 494 U.S. 1082 (1990).  In light of the brevity with which Santy addressed her argument as to the necessity of a constructive trust, the court is "free to disregard" the argument and the court declines to consider it in determining Menard's motion.  Higgins v. New Balance Athletic Shoe, Inc., 194 F.3d 252, 260 (1st Cir. 1999).

Accordingly, Menard is entitled to the proceeds from Robert's life insurance policies.  Her motion to dismiss is

9

granted.[5]

## Conclusion

For the foregoing reasons, Menard's motion to dismiss (document no. 12) is granted.

The clerk of court shall enter judgment in accordance with this order and close the case. The clerk shall provide the Death Benefit plus interest totaling $197,001.03, which Prudential had deposited with the clerk, to Menard by January 5, 2015.

SO ORDERED.

_____
Andrea K. Johnstone
United States Magistrate Judge

December 30, 2014

cc:  Maureen Hingham, Esq.
     William Parnell, Esq.
     William Pandolph, Esq.

---

[5] Because the court finds that Menard is entitled to the life insurance proceeds, it does not address her argument that her claim became incontestable after two years under RSA 408:10.